## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONG-JOON CHUN<br>        604 Carters Glen Ct. SW<br>        Vienna, VA 22180<br><br>        Plaintiff,<br><br>CHRISTINE ANN CHAMBERS-CHUN<br>        604 Carters Glen Ct. SW<br>        Vienna, VA 22180<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC., a Delaware<br>corporation.<br><br>Serve:  Registered Agent,<br>        C T Corporation System<br>        1015 15th St. NW<br>        Suite 1000<br>        Washington, DC 20005<br><br>        Defendant. | Civil Action No.  **1:18-cv-2040**<br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

COME NOW, the Plaintiffs, Jong-Joon Chun ("Mr. Chun") and Christine Ann

Chambers-Chun ("Mrs. Chun"), by and through their counsel, file their Complaint against the

above-named Defendant on the following grounds:

## INTRODUCTION

1.  The Plaintiffs are husband and wife who were passengers on a United Airlines.  In breach

    of their federally protected rights, United Airlines discriminated against Mr. Chun by

1

denying access to the previously purchased economy plus seat because of his race, in violation of the Federal Aviation Act ("FAA") of 1958, later codified as 49 U.S.C. §1374(b).

2. Furthermore, despite being informed of Mrs. Chun's hearing and eye sight impairment, United Airlines failed to accommodate her not once but on four (4) separate occasions, in violation of the Air Carrier Access Act ("ACAA"), which is part of the FAA, later codified as 49 U.S.C. §40101, and regulated under 14 C.F.R. Part 382 – nondiscrimination on the basis of disability in air travel.

3. The plaintiffs in turn suffered extreme emotional distress because of the unfair treatment they received from United Airlines.

## JURISDICTION

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizen of Commonwealth of Virginia and citizen of a Delaware Corporation.

5. In the alternative, this Court has Federal Question Jurisdiction based upon 28 U.S.C. Section 1331 because Plaintiffs' complaint arises under the Federal Aviation Act of 1958 (racial discrimination), later codified as 49 U.S.C. §1374(b), and 49 U.S.C. §40101 (disability discrimination).

## VENUE

6. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. §1391(b)(1) – a judicial district in which any defendant resides and §1391(c)(2) – where for an entity a defendant's residence is where it is subject to the court's personal jurisdiction.

**PARTIES**

7.  Plaintiff, Jong-Joon Chun, is an individual who is a citizen of the United States and a resident of the Commonwealth of Virginia.

8.  Plaintiff, Christine Ann Chambers-Chun, is an individual who is a citizen of the United States and a resident of the Commonwealth of Virginia.

9.  At all times relevant to this suit, the Plaintiffs were passengers on United Airlines.

10. Defendant, United Airlines Inc. ("United Airlines"), is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Illinois.  Their registered agent is C T Corporation System, at 1015 15th St. NW, Suite 1000, Washington DC 20005.

**STATEMENT OF FACTS**

11. On November 4, 2017, the Plaintiffs purchased round-trip airfare from Washington, Dulles to Seattle, Washington, to celebrate their thirty-two (32) years of marriage and their sixtieth (60) birthdays.

12. The flight was scheduled to depart on June 30, 2018 ("June 30th flight") from Washington Dulles International Airport (IAD) and land on Seattle-Tacoma International Airport (SEA) on United Airlines flight number 357 (UA 357).

13. The Plaintiffs paid and reserved the first class seats, next to each other, for the June 30th flight.

14. Their return flight was scheduled for Sunday, July 8, 2018 ("July 8th flight") from SEA to IAD on United Airlines flight number 260 (UA 260).

15. The Plaintiffs paid and reserved row 7 Economy Plus seats, next to each other, for the July 8th flight.

16. Due to the handicap nature of Mrs. Chun (visually impaired on one eye and hearing loss on left ear) it was important that her husband sit on her immediate right so that he can provide her with aid.

17. On June 30, 2018, at IAD, there was a welcome sign for the Special Olympics team heading to Seattle, Washington.  There were two teams on the same flight number (UA 357), one from Rhode Island, and the other from Tennessee.

18. Since Mrs. Chun had similar medical conditions and Mr. Chun represented missionary organizations for the disabled, the Plaintiffs decided to buy lunch for all the special Olympic athletes during the flight.

19. The Plaintiffs wanted to do this anonymously but somehow the special Olympic coaches found out and they came to the cabin and presented the Plaintiffs with their commemorative pins and caps.

20. The captain of UA 357, Thomas Wood, upon hearing the generosity of the Plaintiffs, personally wrote a thank you note on the back of his business card.  It read "Mr. Chun, thank you very much for your generosity towards the special Olympic athletes. Everybody from United appreciates your kindness.  Signed Tom Wood, Captain, UAL 357"

21. The trip to Seattle, Washington, on flight 357, was very memorable and positive experience for all.

22.  However, that memory was short lived during the return flight from SEA to IAD on July 8, 2018.  On the contrary, the return flight was an epic disaster.

23. The catastrophe began on July 7, 2018, when United Airlines emailed Mrs. Chun that check-in was available for the flight on the following day.  Therefore, Mrs. Chun logged on to the United app on her iphone to begin the check-in process.

24. Completely by surprise, Mrs. Chun found out that her reserved seats on row 7 was no longer the assigned seat.  Furthermore, the seat was reassigned to row twenty-nine (29) and she was separated from her husband.

25. To the Plaintiffs' amazement, their previously paid and reserved economy plus seats were reassigned to a regular seat without prior notice or consultation.

26. Out of fear and anxiety, Mrs. Chun stopped having lunch on her cruise ship and went on a panic mode.  Needless to say, the fear of separation from her husband, due to her blindness and loss of hearing, overwhelmed her desire to eat.

27. She immediately called the United Airlines' 1-800 number and spoke with a customer service representative ("CSR").  Mrs. Chun informed the CSR that she needed to get her previously paid row 7 seats next to her husband because of her medical condition (loss of hearing and vision impairment).

28. When Mrs. Chun inquired the CSR as to why the seat was reassigned without any notice, the CSR said that "maybe" the seats were reassigned because somebody had special needs, but she was "not sure" (a.k.a. "special needs excuse").

29. In an information age, where everything was computerized, it was hard for the Plaintiffs to believe that United Airlines did not know why the Plaintiffs' seat were reassigned. The CSR's response indicated an evasive answer that was designed not to tell the truth.

30. The Plaintiffs believe that it was a possible racial profiling, similar to the episode on April 9, 2017, where Dr. David Dao was chosen by United Airlines to be removed

because of his Asian race, and subsequently removed from his assigned seat after suffering a facial concussion, and dragged from the airplane.

31. Mr. Chun, being mindful of such horrendous treatment received by Dr. Dao, was fearful that he could be the next victim.

32. Mrs. Chun informed the CSR that she did not receive any email or notification of the seat change and that her medical condition necessitated sitting next to her husband on the airplane.

33. The CSR understood and was in process of getting the Plaintiffs back to the economy plus seats next to each other when the phone got disconnected.

34. Out of frustration, Mrs. Chun called the United Airlines' 1-800 number again.  This time she spoke with a CSR named Colleen.  Colleen was able to re-assign the Plaintiffs' seat to 7B and 8B.  See Plaintiff Exhibit A.

35. Thinking that the ordeal was over with, the Plaintiffs went back to the cruise ship to continue their vacation.

36. However, on the next morning, the nightmare continued with United Airlines.  Upon arriving in Seattle and turning her cell phone back on, a text message appeared from United Airlines, informing the Plaintiffs that their seat assignment was changed again due to an aircraft swap (a.k.a. "aircraft swap excuse").  See Plaintiff Exhibit B.

37. Once again the Plaintiffs were separated from each other.  The Plaintiffs spoke with the lead CSR from United Airlines, Ms. Julie Gonzalez, who confirmed that the re-assigned seats at 10B and 10E were not the economy plus seats.

38. In breach of their contractual agreement, United Airlines denied the Plaintiffs, the previously paid seats for the second time.

39. When the Plaintiffs inquired the CSR again as to why the seats were changed, her response was "sometimes the computer just does this" (a.k.a. "computer excuse").

40. The Plaintiffs were left to wonder, why they were particularly selected for an unreasonable seat separation despite informing the United Airlines that their medical conditions necessitated that they sit next to each other.

41. Suspicions grew by the Plaintiffs that United Airlines was using one excuse for another in order to hide their true illegal motive, and deny providing the Plaintiffs with a federally required accommodation (sitting next to each other).

42. Unsatisfied with Ms. Gonzalez's explanation, the Plaintiffs requested to speak with her supervisor at the Seattle, Washington (SEA) airport.

43. That was when the United Airlines' Airport Operations Supervisor, Ms. Sarah Piper, appeared from the back.

44. Mrs. Chun explained to Ms. Piper the situation and hardship the Plaintiffs would suffer should she be separated from her husband during the return flight.  Mrs. Chun wanted a clear answer as to why the Plaintiffs seats were constantly changed.

45. Mrs. Chun specifically asked Ms. Piper "was the seat changed because of my husband's name?"  Mrs. Chun wanted to know whether this was part of "racially motivated discrimination" since United Airlines had a poor reputation in treating Asian-Americans as evident from Dr. Dao previously.

46. Ms. Piper immediately got offended and said that Mrs. Chun was "out of line." Thereafter, Mr. Chun inquired again as to why then the seats were changed without notice and/or explanation.

47. Sadly, Ms. Piper could not answer that question (a.k.a. no answer excuse).  As the United Airlines' Airport Operations Supervisor, it was hard to believe that no explanation was available, unless that explanation was one which they could not reveal (perhaps due to illegal motive).

48.  Mrs. Chun spoke with Ms. Piper again to explain to her that "as a white person to a white person, we don't understand what others feel or go through."  However, Ms. Piper showed no interest in listening to the talks, and instead replied repeatedly that Mrs. Chun was "out of line."

49. It was apparent to the Plaintiffs that based on Mr. Chun being Asian-American husband and Mrs. Chun being Caucasian wife, who also suffered from loss of vision in her right eye and deaf in left ear, that their one and only week-long vacation trip will end in epic disaster.

50. That was because United Airlines showed no interest in correcting the wrong they have committed.

51. In defeat, the Plaintiffs entered the United Airplane for their return flight home.  As they entered, they noticed that row 7 and other economy plus seats were all taken by the Caucasian people.  Furthermore, none of them appeared to have a special need.

52. Mr. Chun thereafter guided his wife towards the rear of the Airplane, where he was assigned to seat 21E and his wife at seat 21B, completely separated from each other.  See Plaintiff Exhibit C.

53. They were both middle seats located on the opposite side of the plane.  Mr. Chun sat next to an extremely heavy-set man weighting close to three hundred (300) pounds.

54. Needless to say, the flight ride back was very uncomfortable for the Plaintiffs.

55. Furthermore, it was completely unreasonable when United Airlines refused to accommodate a simple request to be seated next to each other as husband and wife, like any other couples.

56. Any other Airlines would have made an announcement over the microphone to see if two unrelated passengers would swap for the medically needed husband and wife.

57. No such reasonable accommodation was made when requested.  No explanation was given as to why they could not make such announcement.  They're attitude was "take it or leave it."

58. Extremely poor customer service provided by United Airlines was an understatement given the circumstances.

59. The Plaintiff's sixtieth (60) birthday celebration was to be forever tarnished by the discriminatory treatment received by the United Airlines.

60. Because Mr. Chun was helpless and unable to give the necessary aid to his medically needed wife, he suffered from extreme mental anguish and emotional hardship during the flight back and there after.

61. After the trip, the Plaintiffs filed a complaint to the U.S. Department of Transportation for the discriminatory treatment received by the United Airlines.

62. Even then, the United Airlines replied that the reason for seat re-assignment was because of the aircraft change.

63. They completely misrepresented to the U.S. Department of Transportation when they failed to mention that the seat was re-assigned four (4) times and that no definite explanation was given for the other three times when the seat was changed.

64. United Airlines further misrepresented when they gave no explanation nor acknowledgment as to why they could not accommodate the Plaintiffs on four (4) different occasions as to why they could not be seated together for medical reasons in violation of the Federal Law.

65. For the sake of all handicapped Americans and minorities who may have suffered similar fate from the United Airlines, the Plaintiffs determined to file this lawsuit in order to bring Justice for all.

## COUNT ONE

### (Racial Discrimination in Violation of 49 U.S.C. §1374(b), §404(b) of the Federal Aviation Act)

66. The foregoing paragraphs are realleged and incorporated by reference herein.

67. Plaintiff, Mr. Chun, is an Asian-American and a member of a minority class.

68. Upon information and belief, Mr. Chun was targeted by United Airlines because of his Asian name and specifically denied access to his previously purchased economy plus seats while United Airlines allowed all other Caucasian passengers to fly on their purchased seats.

69. Furthermore, United Airlines has a pattern of discrimination against Asian-Americans as evident from Dr. Dao's horrendous treatment in 2017.

70. Therefore, Mr. Chun, who was a passenger on a United Airlines, was intentionally discriminated based on theory of previous pattern of discriminatory conduct by United Airlines.

71. In the alternative, Mr. Chun established a prima facie showing that he was targeted for discriminatory treatment in violation of the FAA.

## COUNT TWO

**(Disability discrimination in Violation of 49 U.S.C. §40101, Air Carrier Access Act, an amendment to the Federal Aviation Act of 1958, regulated under 14 C.F.R. Part 382 – nondiscrimination on the basis of disability in air travel)**

72. The foregoing paragraphs are realleged and incorporated by reference herein.

73. Plaintiff, Mrs. Chun is a member of a handicap class.  She has disability due to her recent cancerous surgery on her right eye and hearing impairment on her left ear.

74. Upon information and belief, Mrs. Chun informed United Airlines prior to twenty-four (24) hour of flight departure that she has medical condition requiring the assistance of her husband.

75. That it was imperative for Mr. Chun to sit next to her during the flight so that he can provide her with necessary aid.

76. Under 14 C.F.R. Part 382, United Airlines, upon receiving notice of the special needs condition by a passenger, was required to provide a reasonable accommodation under the law.

77. United Airlines breached that duty when they failed to give reasonable accommodation (to be seated next to each other) when requested by a disabled passenger.

## COUNT THREE

### (Breach of Contract)

78. The foregoing paragraphs are realleged and incorporated by reference herein.

79. The Plaintiffs purchased an economy plus tickets and reserved row 7 during the return flight from SEA to IAD.

11

80. The Defendant breached that duty when they failed to honor the seat that was paid and purchased by the Plaintiffs.

81. The Plaintiffs were harmed as a result of that breach in the amount of $258.00.

82. The Plaintiff's harm was a direct and proximate result of Defendant's breach of the contractual agreement.

## COUNT FOUR

### (Intentional Infliction of Emotional Distress)

83. The foregoing paragraphs are realleged and incorporated by reference herein.

84. The Defendant denied seat accommodation on four (4) separate occasions when a reasonable request was made by the Plaintiffs.

85. The Defendant's multiple denial for reasonable seat accommodation for medical reasons was an act of extreme or outrageous conduct.

86. The Defendant's intentional and discriminatory act was the direct and proximate cause of extreme mental and psychological hardship experienced by the Plaintiffs.

## COUNT FIVE

### (breach of the implied covenant of good faith and fair dealing)

87. The foregoing paragraphs are realleged and incorporated by reference herein.

88. There is an implied covenant of good faith and fair dealing in every contract entered into by both parties.

89. Upon information and belief, Defendant entered into the contract in bad faith when they had no intention of honoring their agreement.

90. On four (4) separate occasion, the Defendant had the opportunity to correct their breach and establish fair dealing.

91. However, they broke the agreement continuously in bad faith and harmed the Plaintiff as a result.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for a judgement as follows:

a) That the Court grant Plaintiffs punitive damages in the amount of ONE MILLION DOLLARDS ($1,000,000.00);

b) That the Court grant Plaintiffs a jury trial;

c) That the Court grant Plaintiffs all other relief the Court deems just and proper, including, but not limited to, costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon.

August 23, 2018                                  Respectfully submitted,


                                                 /s/ Jae Won Chang
                                                 Jae Won Chang
                                                 VA Bar No. 88436
                                                 Washington Law Firm PLC
                                                 4601-B Pinecrest Office Park Dr.
                                                 Alexandria, VA 22312
                                                 Tel: (703) 914-1155
                                                 Fax: (703) 914-4664
                                                 jchang@mywashlaw.com

                                                 *Counsel for Plaintiffs*